## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| GABRIELLE DAVILA, on behalf of herself and others similarly situated, | ) ) ) | CASE NO.: |
| Plaintiff, | ) ) | JUDGE |
| v. | ) ) ) | |
| AUTO SERVICES UNLIMITED, INC., | ) ) | **COLLECTIVE ACTION COMPLAINT** |
| Defendant. | ) ) ) | **JURY DEMAND ENDORSED HEREON** |

Plaintiff Gabrielle Davila ("Representative Plaintiff"), on behalf of herself and others similarly situated, brings this Complaint against Defendant Auto Services Unlimited, Inc. ("Defendant") and alleges as follows:

### INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "Potential Opt-Ins"). Representative Plaintiff's written consent to join this action pursuant to 29 U.S.C. is attached as **Exhibit "A."**

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Representative Plaintiff's FLSA claims

pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant's principal place of business is in Cuyahoga County, Ohio, and because a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## PARTIES

5. Representative Plaintiff is a resident of Ohio who was employed by Defendant within the last three years.

6. Defendant is an Ohio corporation for profit maintaining a principal place of business in Cuyahoga County, Ohio. Defendant can be served through its registered agent Alex Gertsburg, 600 Granger Road, Suite 200, Cleveland, OH 44131.

7. At all relevant times, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

8. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

11. Plaintiff and the Potential Opt-Ins are all current or formerly non-exempt hourly employees of Defendant.

12. Defendant's payroll policy requires its non-exempt hourly employees to "clock in" at the beginning of the workday and to "clock out" at the end of the workday.

13. Defendant requires its non-exempt hourly employees to take a 30-minute unpaid lunch break during the workday. Accordingly, 30 minutes of working time is automatically deducted per shift from its non-exempt employees' payroll records.

14. Defendant's operational needs regularly require non-exempt hourly employees to work throughout their scheduled shift without taking a 30-minute lunch break. In such instances, Defendant still deducted 30 minutes of working time automatically from the payroll records of the non-exempt hourly employees.

15. Although this was a regular occurrence, Defendant did not provide Representative Plaintiff or the Potential Opt-Ins with a mechanism for counteracting the deduction, such as a "missed lunch form." Instead, Defendant kept the 30-minute deduction in place, stating that the deduction was "required" even though no uninterrupted meal period was taken.

16. Defendant's payroll practice of automatically deducting for unprovided lunch periods resulted in non-exempt hourly employees not being paid for all their hours worked, and resulted in unpaid overtime for Plaintiff and the Potential Opt-Ins.

17. As a result of Representative Plaintiff and other similarly situated employees not being paid for all hours worked, Representative Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

18. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

19. Upon information and belief, Defendant failed to make, keep and preserve records of the unpaid work performed by Representative Plaintiff and other similarly situated employees each day.

## COLLECTIVE ACTION ALLEGATIONS

20. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

22. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All of Defendant's current and former hourly non-exempt employees who were subject to Defendant's automatic meal deduction policy and who worked 40 or more hours in at least one workweek at any point from three years prior to the filing of this Complaint through the present.

23. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice, resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

24. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt

in."

25. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## COUNT ONE
### (FLSA Overtime Violations)

26. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

27. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the FLSA Collective Class members who may join this case pursuant to 29 U.S.C. § 216(b). Representative Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

28. The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

29. As non-exempt employees, Representative Plaintiff and the FLSA Collective Class members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

30. Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Class Members for all hours worked in excess of forty in a workweek.

31. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Class Members overtime compensation.

32. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

33. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## **PRAYER FOR RELIEF**

**WHEREFORE,** Representative Plaintiff, on behalf of herself and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Representative Plaintiff and the Potential Opt-Ins,

C. Award compensatory damages to Representative Plaintiff and the Potential Opt-Ins in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

D. Award Representative Plaintiff and the Potential Opt-Ins pre-judgment and post-judgment interest at the statutory rate; and

E. Award Representative Plaintiff and Potential Opt-Ins their costs and attorney's fees incurred in prosecuting this action.

F. Award Representative Plaintiff and the Potential Opt-Ins any further relief to which they are entitled that the Court deems equitable and just.

Respectfully submitted,

_____
Christopher J. Lalak (0090079)
**LALAK LLC**
1991 Crocker Road
Suite 600
Westlake, OH 44145
Telephone 440.892.3380
Email:  clalak@employmentlawohio.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

_____
Christopher J. Lalak

*Counsel for Plaintiff*